UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEDRICK J. BRUMFIELD(#395469)

VERSUS                                              CIVIL ACTION

SGT. ERIC FERGERSON, ET AL                          NUMBER 11-56-JJB-SCR

**RULING ON MOTION TO BE RELIEVED FROM PRIOR RULING**

Before the court is the plaintiff's Motion to be Relieved From the Prior Ruling and/or To Reinstate In Forma Pauperis Status and Order to Serve Defendants Pursuant to Rule 60(a), Fed.R.Civ.Proc. Record document number 7.

On February 1, 2011, the plaintiff's motion to proceed in forma pauperis was granted and the plaintiff was ordered to pay an initial partial filing fee in the amount of $4.33. The initial partial filing fee was received on February 9, 2011. A further review of the court's records showed that the plaintiff is barred from proceeding in forma pauperis.[1]

On March 9, 2011, an order was entered vacating the plaintiff's in forma pauperis status. Plaintiff was granted 20 days from the date of the order to pay the balance of the court's filing fee.

---

[1] A list of cases dismissed as frivolous or failure to state a claim include: *Shedrick Brumfield v. Sgt. Demourelle,* CV 02-283-RET-SCR (M.D. La.); *Shedrick Brumfield v. Lisa Moody*, CV 07-161-RET-SCR (M.D. La.); and, *Shedrick J. Brumfield v. N. Burl Cain, et al*, CV 08-148-FJP-SCR (M.D. La.).

Plaintiff is now before the court seeking reconsideration of the court's March 9 order. Plaintiff argued that the statute applies only to suits which were dismissed pursuant to the statute. Specifically, the plaintiff argued that although CV 07-161-RET-SCR was dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b), Fed.R.Civ.P., because he paid the filing fee and was not proceeding in forma pauperis, the case should not be considered a strike for purposes of the statute.

Plaintiff's argument is without merit.

Subsection 1915(g) of Title 28 of the United States Code provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

First, all plaintiff's granted in forma pauperis status pursuant to the statute are required to pay the filing fee. The statute merely permits payment of the filing fee periodically as funds become available. Second, contrary to the plaintiff's argument, the statute does not prohibit the court from considering suits, which were dismissed as frivolous or for failure to state a claim, because the filing fee was paid. The statute applies to all suits filed by a prisoner while incarcerated or detained.

Accordingly, the plaintiff's Motion to be Relieved From the Prior Ruling and/or To Reinstate In Forma Pauperis Status and Order to Serve Defendants Pursuant to Rule 60(a), Fed.R.Civ.Proc. is denied.

Baton Rouge, Louisiana, March 28, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE